S. Mary Liu (CA SBN 282884)
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel: (850) 202-1010
Fax: (760) 304-8933
Email: mliu@awkolaw.com

Hillary Nappi (*pro hac vice* to *be filed)*
Frank R. Schirripa (*pro hac vice to be filed)*
Hach Rose Schirripa & Cheverie. LLP
112 Madison Avenue, 10th Fl.
New York, New York
Tel : (212) 213-8311
Fax : (212) 779-0028
Email : hnappi@hrsclaw.com
fschirripa@hrsclaw.com

James R. Marsh (*pro hac vice to be filed)*
Margaret E. Mabie, (*pro hac vice to be filed)*
Marsh Law Firm PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336
Email: jamesmarsh@marsh.law
margaretmabie@marsh.law

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| "D.H.",<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., formerly known as FACEBOOK, INC.; FACEBOOK HOLDINGS, LLC; FACEBOOK OPERATIONS, LLC; FACEBOOK PAYMENTS INC.; FACEBOOK TECHNOLOGIES, LLC; AND INSTAGRAM, LLC; and SNAP, INC.,<br><br>Defendants. | Case No: 3:22-cv-04888<br><br>**PLAINTIFF D.H.'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br>NOTE FOR MOTION CALENDAR<br><br>DATE: |

**STATEMENT OF RELIEF REQUESTED**

Plaintiff “D.H.” through her attorneys of record Margaret E. Mabie of Marsh Law Firm PLLC, S. Mary Liu of Aylstock, Witkin, Kreis & Overholtz, PLLC, and Hillary Nappi of HRS&C moves this Court for an order allowing them to proceed in the above-captioned matter using a pseudonym.

Plaintiff makes this request in order to protect herself from harassment, injury, ridicule and personal embarrassment.

**FACTS RELEVANT TO MOTION**

The matter before the court comes on Plaintiff’s products liability suit for emotional distress damages. Plaintiff, D.H., seeks to hold Defendants responsible for their defectively designed products that are marketed to children under 18 without adequate warning of the life threatening risks these products pose to young minds. As set forth in the complaint herein D.H. is the subject of child pornography videos and images that are shared online. These images, which form the basis of the claims herein, are highly personal, intimate, and humiliating to the plaintiff.

Plaintiff D.H., forced to commit a myriad of sexual acts by her online abusers. In each case, the sexual abuse of the Plaintiff was photographed and/or videoed and these images were distributed and traded on the Internet among pedophiles and child pornography enthusiasts. Plaintiff was sexually abused online from the age of 13 to 18 in a number of images and videos that depict her engaging in graphic sexual acts. She has been stalked on the internet and through direct messages by apparent pedophiles and child pornography enthusiasts. On the internet today are blogs in which child pornography consumers share D.H’s images and videos. The postings are crass and disgusting. D.H. has suffered greatly due to being the subject of these images and videos; they suffer psychologically in a number of different manners; is hyper-vigilant, suffers a rational paranoia, has fear and anxiety, and has had varying bouts of severe depression and anger to name a few.

## ISSUES PRESENTED

Whether the Plaintiff's need for anonymity outweighs any prejudice to Defendants. If so, whether it is appropriate to allow Plaintiffs to proceed via pseudonyms.

## EVIDENCE RELIED UPON

1. The Declaration of James R. Marsh.

## ARGUMENT

The Federal Rules of Civil Procedure do not explicitly authorize, nor absolutely prohibit, the use of fictitious names by plaintiffs or other parties. In *Does I Thru XXIII v. Advanced Textile Corp.* 214 FR.3d 1058 (9th Cir. 2000) (internal citations removed), the Ninth Circuit declared, "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule or personal embarrassment."

In *Advanced Textile*, the Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id* at 1067. When "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of threatened harm, (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id* at 1068 (internal citations removed). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id.* (internal citations removed).

**A. Severity of Threatened Harm**

*Advanced Textile* cites *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) for the principle that the severity of threatened harm should be evaluated based on whether or not "divulg[ing] personal information of the utmost intimacy" and "reveal[ing] facts of a highly personal nature … cause damage to… [a person's] good name [] and reputation." This is consistent with the Ninth Circuit's maxim that pseudonyms are allowed "when nondisclosure of the party's identity is necessary… to protect a person from harassment, injury, ridicule or personal embarrassment."

Concerning child pornography victims, the Ninth Circuit noted that there are:

> several ways in which the individuals depicted in images of child pornography are harmed by the circulation and viewing of those images. *See New York v. Ferber*, 458 U.S. 747, 759 (1982) (explaining that the suffering of victims of childhood sexual abuse is "exacerbated by [the] circulation" and viewing of images documenting that abuse). These injuries include "the emotional and psychic" pain of knowing that the images are being viewed, *Id*. at 759 n. 10, as well as the repeated violations of the individual's privacy interests, *Id*. at 758 n. 9. *See also Ashcroft v. Free Speech Coal*., 535 U.S. 234 (2002) ("Like a defamatory statement, each new publication [of the images]...cause[s] new injury to the child's reputation and well-being."). In the sentencing context, we have likewise held that the minors depicted in child pornography should be considered the "victims" of a defendant who possesses or trades in images of their abuse. *See United States v. Blinkinsop*, 606 F.3d 1110, 1117–18 (9th Cir. 2010); United States v. Boos, 127 F.3d 1207, 1210–11 (9th Cir. 1997).

*United States v. Kennedy*, 643 F.3d 1251, 1260 (9th Cir. 2011).

D.H. is a victim who was harmed by this defendant's possession of their child sex abuse images. Visual depictions of a prepubescent child's rape and sexual exploitation are "personal information of the utmost intimacy." Such images "reveal facts of a highly personal nature" which can result in "harassment, injury, ridicule or personal embarrassment."

Congress and the American people have recognized the fundamental affront to human dignity and personal privacy that child pornography represents and have chosen through public policy to make possession, distribution, receipt, transportation and production of child sex abuse images punishable by significant criminal penalties. The mere receipt of such images subjects an

individual to a mandatory minimum federal prison sentence of five years. 18 U.S.C. § 2252A(a)(2). Such public policy determinations, while not dispositive, support the notion that the current litigation involves matters that are highly personal in nature and of the utmost intimacy so that Plaintiff deserves the protection provided by proceeding under a pseudonym.

As discussed by the Ninth Circuit in *Kennedy, supra*, and recognized by the United States Supreme Court in *New York v. Ferber*, 458 U.S. 747, 759 FN 10 (1982), "[t]he victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child…. Thus, distribution of the material violates the individual interest in avoiding disclosure of personal matters. …[and] the child's privacy interests are also invaded." *Id*. at FN 9.

In a previous criminal case involving Amy and Vicky, the Ninth Circuit ruled:

> Amy and Vicky presented ample evidence that the viewing of their images caused them emotional and psychic pain, violated their privacy interests, and injured their reputation and well-being. See *Ferber*, 458 U.S. at 759 & n. 10, 102 S.Ct. 3348; *Free Speech Coal*., 535 U.S. at 249, 122 S.Ct. 1389. Amy, for example, stated that her "privacy ha[d] been invaded" and that she felt like she was "being exploited and used every day and every night". Vicky described having night terrors and panic attacks due to the knowledge that her images were being viewed online. Even without evidence that Amy and Vicky knew about Kennedy's conduct, the district court could reasonably conclude that Amy and Vicky were "harmed as a result of" Kennedy's participation in the audience of individuals who viewed the images. *Kennedy*, 643 F.3d at 1263.

D.H. is in the same position, and the circulation of their images causes them the same injuries. All these harms, which are severe and can be lifelong, would be compounded should D.H.'s identity be revealed to the world. a

**B. Vulnerability to Retaliation**

For all of the above reasons and as previously discussed, D.H. is particularly vulnerable to retaliation. There are many individuals who have expressed animosity towards D.H. and threatened her online.

**C. Absence of Prejudice to the Defendant**

This suit is against a private party and is based on the Defendant's defective products. The Defendant's status is an important factor in determining whether to permit D.H. to proceed anonymously. Unlike the typical defendant in a civil suit, the defendant in this case is not "innocent."

Plaintiff is aware than she cannot remain a stranger to the Defendants and is willing to share her identity with their attorneys. Plaintiffs' counsel will work with Defendants' counsel to arrange for this exchange of information at the appropriate time. While her actual identity is unknown, her child sex abuse images are intimately familiar to the Defendants.

Nonetheless, knowing Plaintiff's identity does nothing to advance the Defendant's case. The salient facts at issue concern their injuries, which are well documented. Although Defendants may believe that they have legal defenses, assertion of such defenses is in no way impeded by not knowing her legal name.

Although Plaintiff's images and videos are  known within the child pornography consumer community, she is not a public figure. Her sexual exploitation, and her continued victimization through distribution of child pornography images thrust her into the child pornography community totally against her wishes. There is little to be practically gained simply from knowing her legal name. Knowing Plaintiff's name will have little effect on the Defendant's ability to present a defense, which is limited solely to damages.

**D. Public Interest**

The public interest in this litigation, if any, will not be furthered or enhanced by knowing D.H.'s legal identity. The Defendant's crime resulted in little or no publicity.

There is nothing about Plaintiff's identity, which is significant or newsworthy. On the contrary, her stories and any media coverage of her efforts to obtain restitution would be based solely on the public knowing her as "D.H.". In terms of the media's ability to cover this litigation,

allowing Plaintiff to proceed under pseudonym is preferable to closing the courtroom or sealing the record since the facts and the record can be publicly revealed without further harming her.

Other than closing the courtroom or sealing the record, there is no easily implemented alternative mechanism for protecting Plaintiffs' confidentiality. Proceeding under a pseudonym actually enhances the public's ability to participate in the litigation by obviating the need to seal or otherwise restrict documents and court proceedings. Since there is no familial or other direct relationship between the parties, there is no need to cloak any of the proceedings in secrecy once D.H.'s identity is protected. There is nothing in the materials submitted in the civil case, which will likely lead the public to discover Plaintiff's identity. Allowing her to proceed under pseudonym properly balances her need for anonymity against countervailing interests in full public disclosure. It also provides other victims with some comfort that they can seek appropriate legal redress without fear of disclosure of their identities.

1. CONCLUSION

There is a fundamental privacy interest, which is violated by the production, distribution and possession of child pornography. Exposure of a victim's legal identity only compounds that violation. For all the above reasons, D.H. respectfully requests that this Court allow her to proceed in the above-captioned matter using a pseudonym.

DATED August 26, 2022.

Aylstock, Witkin, Kreis & Overholtz, PLLC

/s/ Mary Liu
S. Mary Liu (CA SBN 282884)
17 East Main Street
Suite 200
Pensacola, FL 32502
Tel: (850) 202-1010
Email: mliu@awkolaw.com
*Attorney for Plaintiff*