# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                          MDL No. 3047

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in one action (*Murden*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or the Western District of Missouri, and also supports centralization in the Eastern District of Pennsylvania, the Southern District of Ohio, or the District of Utah. This litigation consists of 28 actions pending in 17 districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 56 related actions in 24 districts.[1]

Responding plaintiffs largely favor centralization, though their stance on whether to include claims against defendants other than Meta[2] varies. Most support including in an MDL all cases that name Meta defendants, but not cases that name only non-Meta defendants.[3] In addition to the transferee districts suggested or supported by movant, these plaintiffs variously suggest or support the Northern District of California or the District of Oregon. Plaintiff in one potentially-related action naming only TikTok (*Anderson*) opposes inclusion of her action in centralized proceedings.

The Meta defendants support centralization of all actions in the Eastern or Western District of Kentucky or, alternatively, in the Middle District of Florida or the Northern District of Georgia.

---

[*] Judges Nathaniel M. Gorton, David C. Norton, and Roger T. Benitez took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram LLC, and Siculus, Inc.

[3] Snap, Inc. (Snap); TikTok, Inc. and ByteDance, Inc. (TikTok); and YouTube, LLC, Google LLC, and Alphabet Inc. (YouTube). Twenty-two actions and potential tag-along actions name one or more of these defendants, in addition to the Meta defendants. Four potential tag-along actions name one or more of these defendants, without naming Meta.

- 2 -

Snap, TikTok, and YouTube oppose inclusion of claims against them in centralized proceedings. Snap and TikTok alternatively support Meta's suggested transferee districts. At oral argument, counsel for TikTok added that, if the Panel chooses to include any actions naming TikTok in an MDL, then it should include all actions naming TikTok—even those not also naming Meta.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions present common factual questions arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents. Plaintiffs allege defendants were aware, but failed to warn the public, that their platforms were harmful to minors.

All parties agree that the claims involving Meta share questions of fact, including whether Meta's platforms (Facebook and Instagram) encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to motions to dismiss and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization of the actions naming them, defendants TikTok, Snap, and YouTube argue that: (1) defendants' various social media platforms operate—and plaintiffs interacted with them—in different ways and, therefore, individual factual issues will predominate; (2) including direct competitor defendants in the MDL will complicate proceedings; and (3) voluntary coordination of the small number of claims against them is feasible and preferrable to participating in what they anticipate will be burdensome pretrial proceedings. We do not find these arguments persuasive.

That individualized factual issues may arise in each action does not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization. The transferee judge can address unique issues using separate discovery tracks for each defendant or platform and employ separate motion tracks, to the extent necessary. The Panel has centralized product liability cases involving similar products made by different manufacturers where there will be overarching issues of general causation. *See, e.g., In re Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015). In addition to persuasively arguing that causation issues will overlap, the Meta defendants point out that all defendants likely will assert the same defenses. Centralization of all actions, therefore, will allow for efficient coordination of briefing and rulings on motions to dismiss, as well as *Daubert* motions.[4]

---

4       For this reason in particular, we are inclined to believe that the MDL should include the potentially related actions alleging that defendants' social media platforms encourage addiction in

(continued)

- 3 -

Opposing defendants also argue that the measures required to protect competing defendants' trade secret and confidential information will complicate centralized proceedings. But more than one-quarter of the pending actions involve multiple defendants already. Consequently, protecting defendants' trade secrets and confidential information will be at issue regardless of whether these cases are included in the MDL. In fact, centralization will allow a single judge to streamline protective orders and other protocols.

Finally, we disagree that the parties can effectively informally coordinate the more than twenty actions that name multiple defendants. Allowing those actions to proceed separately in various courts would hinder the transferee court's efforts to conduct a single, efficient, coordinated proceeding, particularly given that each of the multi-defendant actions on the motion also name the common Meta defendants. Furthermore, as the Panel frequently holds, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole, even if it might inconvenience some parties to that action. *See, e.g., In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Opposing defendants alternatively request the Panel separate and remand the claims against them to their transferor courts. We decline to do so, as plaintiffs allege common indivisible injuries from multiple products, and severance and remand would complicate the litigation by multiplying each plaintiff's claims across different courts.

We find the Northern District of California to be an appropriate transferee district for this litigation. Several defendants are headquartered in or near this district, and centralization will facilitate coordination with the state court cases pending in California. We will assign this complex litigation to Judge Yvonne Gonzalez Rogers—an experienced transferee judge who presides over a pending action. We are confident she will steer this matter on a prudent course.

---

adolescents—even if they do not name the Meta defendants. Additionally, at oral argument, Meta argued that many, if not most, of the adolescents named in the litigation engaged in simultaneous and overlapping use of multiple platforms, and some plaintiffs may add defendants as they develop the facts of their case. According to Meta, this occurred in the Northern District of California *Rodriguez* action, which initially named just Meta and Snap, but was later amended to include TikTok. The potential for each case to later involve additional platforms and defendants weighs in favor of including the non-Meta cases in the MDL. The Panel has been notified of at least four actions that have as defendants Snap, YouTube, and/or TikTok, but not Meta. Among these is the *Anderson* case, in which plaintiff opposes inclusion in the MDL. Arguments concerning the inclusion of these non-Meta cases will be considered in due course through the conditional transfer order process, as these actions are not now before the Panel. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly   Dale A. Kimball
Madeline Cox Arleo

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                         MDL No. 3047


# SCHEDULE A

Southern District of Alabama

ELY v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00268

Northern District of California

RODRIGUEZ v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−00401
HEFFNER v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−03849
ARANDA, ET AL. v. META PLATFORMS, INC., C.A. No. 3:22−04209
MARTIN, ET AL. v. META PLATFORMS, INC., C.A. No. 3:22−04286
SPENCE, ET AL. v. META PLATFORMS, INC., F/K/A FACEBOOK, INC.,
    C.A. No. 4:22−03294
SEEKFORD v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−03883
ROBERTS, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−04210
N, ET AL. v. META PLATFORMS, INC., C.A. No. 4:22−04283

District of Colorado

HARRIS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01420
TESCH v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01795
CAHOONE v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01848

District of Delaware

GUERRERO v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00750

Southern District of Florida

CHARLES v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−21721

Northern District of Georgia

WADDELL v. META PLATFORMS, INC., ET AL., C.A. No. 2:22−00112

Northern District of Illinois

ROTH v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−02968
WILLIAMS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−03470
ISAACS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−03883

Case 4:22-cv-04888-YGR Document 118 Filed 10/06/22 Page 6 of 6
Case MDL No. 3047 Document 191 Filed 10/07/22 Page 6 of 6

-A2

Southern District of Illinois

MURDEN v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−01511

Eastern District of Kentucky

WHITE v. META PLATFORMS, INC., ET AL., C.A. No. 5:22−00189

Western District of Kentucky

CRAIG v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00087

Western District of Louisiana

GILL, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−02173

Western District of Missouri

ESTEVANOTT v. META PLATFORMS, INC., ET AL., C.A. No. 6:22−03149

District of Oregon

DOFFING v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00100

Middle District of Tennessee

TANTON v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−00411

Northern District of Texas

CARTER, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−01343

Southern District of Texas

CAMACHO v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−01815

Eastern District of Wisconsin

DAWLEY v. META PLATFORMS, INC., ET AL., C.A. No. 2:22−00444